## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SANDRA KUBA,

     Plaintiff,

v.                                Case No.:  6:21-cv-312-JA-LRH

DISNEY FINANCIAL SERVICES,
LLC,

     Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

     Defendant, DEFENDANT FINANCIAL SERVICES, LLC ("DFS"), answers the Complaint filed by Plaintiff, SANDRA KUBA, as follows:

## INTRODUCTION

     1.     Admits the allegations of paragraph 1 that Plaintiff purports to bring this action pursuant to the identified statutes.  DFS denies any and all remaining allegations of paragraph 1.

## JURISDICTION AND VENUE

     2.     Admits the allegations of paragraph 2 for jurisdictional purposes only, and otherwise denies.

     3.     Admits the allegations of paragraph 3 for purposes of venue only, and otherwise denies.

     4.     Admits the allegations of paragraph 4 for purposes of venue only and otherwise denies.

5.      Lacks sufficient knowledge or information to admit or deny the allegations of paragraph 5, and therefore denies.

### PARTIES

6.      Admits that Plaintiff is an adult individual.  Lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 6, and therefore denies.

7.      Admits the allegations of paragraph 7.

8.      Admits that in October 2013 DFS promoted Plaintiff to the position of Senior Financial Analyst which remained her position until September 21, 2017.  DFS denies all remaining allegations of paragraph 8.

9.      Admits that Plaintiff worked in Lake Buena Vista, Florida, for DFS as a Senior Financial Analyst in the Revenue Operations Department, and that the Revenue Operations Department is involved with DFS's internal accounting and financial reporting systems.  DFS denies all remaining allegations of paragraph 9.

10.     Admits the allegations of paragraph 10.

11.     Admits the allegations of paragraph 11.

12.     Admits the allegations of paragraph 12.

13.     Admits the allegations of paragraph 13.

### ADMINISTRATIVE PREREQUISITES

14.     Admits that in November 2017 DFS received notice that Plaintiff had filed a complaint with the United States Department of Labor, the contents of which speaks for itself.  DFS denies all remaining allegations of paragraph 14.

2

15.     Denies the allegations of paragraph 15.

16.     Denies the allegations of paragraph 16.

17.     Admits that an agreement to toll statute of limitations was entered into on or around April 22 2019, the contents of which speaks for itself.   Denies all remaining allegations of paragraph 17.

## FACTUAL ALLEGATIONS

18.     Admits that on or around March 29, 1999, Plaintiff was hired as a Financial Analyst in Lake Buena Vista, Florida.  DFS denies all remaining allegations of paragraph 18.

19.     Lacks sufficient knowledge or information to admit or deny the allegations of paragraph 19, and therefore denies.

20.     Denies the allegations of paragraph 20.

21.     Admits that on or around October 27, 2013, Plaintiff was promoted to the position of Senior Financial Analyst, which she held until September 21, 2017. Denies all remaining allegations of paragraph 21.

22.     Admits that Plaintiff, on a number of occasions, reported various concerns to DFS.  DFS denies all remaining allegations of paragraph 22.

23.     Denies the allegations of paragraph 23.

24.     Denies the allegations of paragraph 24.

25.     Denies the allegations of paragraph 25.

26.     Denies the allegations of paragraph 26.

3

27.     Admits that on June 15, 2017, Plaintiff sent an email to Employee Relations and Corporate Management Audit, the contents of which speaks for itself. DFS denies all remaining allegations of paragraph 27.

28.     Admits that on June 18, 2017, Plaintiff sent an email to George Kalogridis, President of the Walt Disney World Resort, and Corporate Management Audit, the contents of which speaks for itself.  DFS denies all remaining allegations of paragraph 28.

29.     Admits that on June 19, 2017, an Employee Relations representative met with Plaintiff.  DFS denies all remaining allegations of paragraph 29.

30.     Denies the allegations of paragraph 30.

31.     Denies the allegations of paragraph 31.

32.     Denies the allegations of paragraph 32.

33.     Admits that Plaintiff was on medical leave from approximately July 28, 2017 to September 12, 2017.

34.     Lacks sufficient knowledge or information to admit or deny the allegations of paragraph 34, and therefore denies.

35.     Admits that on September 21, 2017, Plaintiff's employment was terminated during a meeting with Andrew Widger and Sandy Ramjattan-Grant. Admits that on September 21, 2017, Plaintiff emailed Grant regarding her termination. DFS denies all remaining allegations of paragraph 35.

36.     Denies the allegations of paragraph 36.

37.     Denies the allegations of paragraph 37.

4

38.     Denies the allegations of paragraph 38.

## COUNT I – VIOLATION OF THE
## SARBANES-OXLEY ACT, 18 U.S.C., §1514(A) ("SOX")

39.     DFS reasserts and incorporates its responses to paragraph 1 through 38 above in response to the allegations of paragraph 39.

40.     Denies the allegations of paragraph 40.

41.     Admits the allegations of paragraph 41.

42.     The allegations of paragraph 42 constitute a conclusion of law to which no response is required.

43.     The allegations of paragraph 43 constitute a conclusion of law to which no response is required.

44.     Denies the allegations of paragraph 44.

45.     Denies the allegations of paragraph 45.

46.     Denies the allegations of paragraph 46.

47.     Denies the allegations of paragraph 47.

48.     Denies the allegations of paragraph 48.

DFS denies that Plaintiff is entitled to any of the relief requested in the wherefore clause for Count I.

## COUNT II – VIOLATION OF DODD FRANK WALL STREET REFORM
## AND CONSUMER PROTECTION ACT, 15 U.S.C., §78u-6(H) ("DODD-
## FRANK")

49.     DFS realleges and incorporates by reference its responses to paragraphs 1 through 38 above in response to the allegations of paragraph 49.

50.     Denies the allegations of paragraph 50.

51.     Denies the allegations of paragraph 51.

52.     Denies the allegations of paragraph 52.

53.     Denies the allegations of paragraph 53.

54.     The allegations of paragraph 54 constitute a conclusion of law to which no response is required

55.     Denies the allegations of paragraph 55.

56.     Denies the allegations of paragraph 56.

57.     Denies the allegations of paragraph 57.

DFS denies that Plaintiff is entitled to any of the relief requested in the wherefore clause for Count II.

## COUNT III – VIOLATION OF THE CALIFORNIA FALSE CLAIMS ACT, CALIFORNIA GOVERNMENT CODE §12653

58.     DFS realleges and incorporates by reference its responses to paragraphs 1 through 38 above in response to the allegations of paragraph 58.

59.     The allegations of paragraph 59 constitute a conclusion of law to which no response is required.

60.     Denies the allegations of paragraph 60.

61.     Denies the allegations of paragraph 61.

62.     Denies the allegations of paragraph 62.

63.     Denies the allegations of paragraph 63.

DFS denies that Plaintiff is entitled to any of the relief sought in the wherefore clause for Count III.

## COUNT IV – VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLEBLOWERS ACT, FLA. STAT. §448.101, ET SEQ ("FWA")

64.     DFS realleges and incorporates by reference its responses to paragraphs 1 through 38 above in response to the allegations of paragraph 64.

65.     Denies the allegations of paragraph 65.

66.     Denies the allegations of paragraph 66.

67.     Denies the allegations of paragraph 67.

68.     Denies the allegations of paragraph 68.

DFS denies that Plaintiff is entitled to any of the relief sought in the wherefore clause for Count IV.

## COUNT V – VIOLATION OF THE EQUAL PAY ACT OF 1963, 29 U.S.C., §206

69.     DFS realleges and incorporates by reference its responses to paragraphs 1 through 38 above in response to the allegations of paragraph 69.

70.     The allegations of paragraph 70 set forth a conclusion of law to which no response is required.

71.     The allegations of paragraph 71 set forth a conclusion of law to which no response is required.

72.     Admits the allegations of paragraph 72.

73.     Denies the allegations of paragraph 73.

74.     Denies the allegations of paragraph 74.

75.    Denies the allegations of paragraph 75.

76.    Denies the allegations of paragraph 76.

77.    Denies the allegations of paragraph 77.

78.    Denies the allegations of paragraph 78.

79.    Denies the allegations of paragraph 79.

DFS denies that Plaintiff is entitled to any of the relief sought in the wherefore clause for Count V.

## ADDITIONAL PARTIES AND/OR CLAIMS

80.    Paragraph 80 constitutes Plaintiff's characterization of her case, to which no response is required.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.    The Complaint fails to state any claim upon which relief can be granted.

2.    Plaintiff's claim under SOX is barred because even if her alleged protected conduct was a contributing factor to her termination (which DFS denies) clear and convincing evidence establishes that it would have taken the same action even if she had not engaged in the alleged protected activity.

3.    Plaintiff's claim under SOX is barred because she did not have an objectively reasonable belief of a violation of one of the enumerated laws listed in SOX.

4.    Plaintiff's claim under Dodd-Frank is barred because even if Plaintiff had engaged in protected activity she cannot prove that but for her protected activity she would not have been terminated.

8

5.     Plaintiff's claim under Dodd-Frank is barred because she did not file a complaint relating to a violation of the securities laws with the SEC prior to the adverse action about which she complains and therefore cannot meet a condition precedent.

6.     Plaintiff's claim under the FWA is barred because even if Plaintiff had engaged in protected activity she cannot prove that but for her protected activity she would not have been terminated.

7.     Plaintiff's claim under the FWA is barred there is no actual violation of any law, rule, or regulation.

8.     Plaintiff did not provide prior written notice and an opportunity to correct any violation of law, rule or regulation and therefore cannot meet the conditions precedent to the institution of an action pursuant to the FWA, Fla. Stat. §448.102(1), et seq.

9.     Even if Plaintiff establishes that she was paid differently than a similarly situated male employee (which DFS denies), her claim is barred because any such differential would be based on a factor other than sex.

10.     Plaintiff has no basis for compensatory damages, including any claim for emotional distress under Fla. Stat. Chapter 448.

11.     Plaintiff has waived the right, if any, to pursue, or is estopped from pursuing, the claims in the Complaint and each purported count therein by reason of her own actions and course of conduct.

12.     Counts I - IV of the Complaint are barred because all of DFS' actions with respect to Plaintiff were taken solely for legitimate, non-retaliatory business-

related reasons that were neither arbitrary, capricious nor unlawful, nor related to Plaintiff's engagement in protected activity, if any.

13.     Counts I - IV of the Complaint are barred because there is no causal link between any protected activity and any purported adverse employment action.

14.     If Plaintiff sustained any loss, injury, damage or detriment as alleged in the Complaint, the loss, injury, damage, or detriment was caused and contributed to by Plaintiff's actions in that she did not exercise ordinary care on her own behalf, and in the performance of her employment at the times and places alleged in the Complaint, and Plaintiff's own actions and omissions proximately caused and contributed to the loss, injury, damage or detriment alleged by Plaintiff, and Plaintiff's recovery from Defendant, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or in proportion to her fault.

15.     Plaintiff may not recover liquidated or punitive damages because at all times relevant to the Complaint, Defendant had in place policies to prevent retaliation in the workplace and made good-faith efforts to implement and enforce those policies.

16.     Plaintiff may not recover liquidated or punitive damages because neither DFS nor any of its officers, directors or managing agents committed any alleged oppressive, fraudulent, or malicious act, authorized or ratified such an act, or had advanced knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such an act, or employed any such employee or employees with a conscious disregard of the rights or safety of others.

17.     Plaintiff is barred from the recovery of damages (the entitlement to which DFS denies) or, alternatively, such recovery should be reduced, because she has failed to mitigate her damages.

18.     Any recovery against DFS (the entitlement to which DFS denies) should be offset by whatever wages and benefits Plaintiff has earned and/or received from any collateral source whatsoever subsequent to the alleged acts complained of herein.

19.     Any recovery against DFS (the entitlement to which DFS denies) should be reduced by the doctrine of after-acquired evidence to the extent that it is learned that Plaintiff engaged in wrongful conduct, including but not limited to the misappropriation of documents, that would have led to her termination in any event.

WHEREFORE, DFS respectfully requests that this court enter judgment in its favor and against Plaintiff, together with an award of costs and attorneys' fees, and grant such other and further relief as the Court deems just and proper.

/s/ Mary Ruth Houston
MARY RUTH HOUSTON, ESQ.
Florida Bar No. 834440
Email address:  mhouston@shutts.com
SHUTTS & BOWEN LLP
300 S. Orange Avenue, Suite 1600
Orlando, Florida 32801-5403
Telephone:  (407) 423-3200
Facsimile:   (407) 425-8316

and

11

STEPHEN L. BERRY, ESQ.
(Admitted Pro Hac Vice)
Email: *stephenberry@paulhasting.com*
PAUL HASTINGS LLP
695 Town Center Drive,
Seventeenth Floor
Costa Mesa, CA  92626
Telephone:   (714) 668-6200
Facsimile:    (714) 979-1921
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>13th</u> day of August, 2021, a true and correct copy of the foregoing was electronically file with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following: Frank M. Malatesta, Esq. of MALATESTA LAW OFFICE, frank@malatestalawoffice.com; staff@malatestalawoffice.com, counsel for Plaintiff.

*/s/ Mary Ruth Houston*
Counsel

ORLDOCS 18882636 2

12